**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| JOSEPH C. CASSINI III,<br><br>        Plaintiff,<br>v.<br><br>GOODING & COMPANY, INC.;<br>DAVID GOODING; and PAUL<br>EMPLE,<br><br>        Defendants. | Civil Action No.<br><br>2:15-cv-6544-SDW-SCM<br><br>**ON DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION, MOTION TO TRANSFER, MOTION FOR SANCTIONS AND PLAINTIFF'S CROSS-MOTIONS FOR JURISDICTIONAL DISCOVERY [D.E. 11,14,15,20]** |

<u>**REPORT AND RECOMMENDATION**</u>

STEVEN C. MANNION, United States Magistrate Judge.

I.  **INTRODUCTION**

This matter comes before the Court upon defendants Paul Emple's ("Mr. Emple"), David Gooding's ("Mr. Gooding") and Gooding & Company, Inc.'s ("Gooding & Co.") motions to dismiss for lack of personal jurisdiction, motions to transfer, and motion for sanctions, and plaintiff Joseph Cassini III's ("Mr. Cassini") cross-motions for jurisdictional discovery.[1] There was no oral argument.  Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Susan D. Wigenton, U.S.D.J., referred these motions to

---

[1] (ECF Docket Entry Nos. ("D.E.") 11, 14, 15, 20).

1

the undersigned for a Report and Recommendation. Upon consideration of the parties' submissions and for the reasons stated below, it is respectfully recommended that the motions filed by defendants be **DENIED WITHOUT PREJUDICE** and plaintiff Cassini's motions for jurisdictional discovery be **GRANTED.**

II. **BACKGROUND AND PROCEDURAL HISTORY**

This case involves allegations of fraud surrounding the sale and purchase of an automobile.[2] The automobile, a 1930s Minerva AL Three-Position Cabriolet, ("Minerva") was owned by Mr. Emple, a citizen of California.[3] The buyer, Mr. Cassini, is a citizen of New Jersey.[4] The advertising and sale of the Minerva was handled by defendant Gooding & Co., of whom Mr. Gooding is the President,[5] and the sale of the Minerva allegedly took place in Florida.[6]

According to the Complaint, Mr. Emple advertised the Minerva to potential buyers in an auction magazine distributed

---

[2] (Compl. ¶ 1,4,5, D.E. 1-1 at 1-2).

[3] (Mr. Emple Decl. ¶ 7, D.E. 11-1 at 1-2).

[4] (Compl. ¶ 6, D.E. 1-1 at 3).

[5] (Mr. Gooding Decl. ¶ 1, D.E. 15-3 at 1).

[6] (Mr. Emple Decl. ¶ 8, D.E. 11-1 at 2).

by Gooding & Co at the direction of Mr. Gooding.[7] Mr. Cassini allegedly received copies of this auction magazine[8] and registered to participate in the auction by registering as a bidder with Gooding & Co, who organized the auction.[9] In addition to advertising, the Minerva was also cosigned over to Gooding & Co. to broker any resulting sale.[10]

In his Complaint, Mr. Cassini alleges that Mr. Emple intentionally made the material misrepresentation in his advertisement that the Minerva was a restoration when it is actually a replica of the classic car.[11] In the classic automobile market, a replica allegedly holds considerably less value than a restoration.[12] This misrepresentation was purportedly repeated by Gooding & Co in its advertising and attempts to locate a buyer.[13]

In July of 2014, while in Florida, Mr. Cassini was approached by Mr. Gooding on behalf of Gooding & Co. and shown

---

[7] (Compl. ¶ 13,15, D.E. 1-1 at 4-5).

[8] (*Id*. ¶ 9, D.E. 1-1 at 4).

[9] (Mr. Gooding Decl. ¶ 5, D.E15-2 at 2).

[10] (Compl. ¶¶ 13,14, D.E. 1-1 at 4).

[11] (*Id*. ¶ 58, D.E. 1-1 at 11).

[12] (*Id*. ¶ 49, D.E. 1-1 at 10).

[13] (*Id*. ¶¶ 25,28, D.E. 1-1 at 6-7).

3

photographs and information about the Minerva with the intent to sell the car.[14] In addition to the representations made on behalf of Gooding & Co., Mr. Cassini avers he was familiar with the Minerva because he received a copy of the advertisement placed in the auction catalog.[15] Mr. Cassini, in reliance upon the auction catalog and representations made by Gooding & Co., and Mr. Gooding's "strong reputation in the classic automobile community," purchased the automobile from Gooding & Co.[16]

In his complaint, Mr. Cassini alleges that Mr. Emple was responsible for drafting and approving the description of the automobile included in the auction catalog.[17] Mr. Cassini alleges that Mr. Emple knew or should have known the catalog was being sent to New Jersey to solicit New Jersey residents to purchase the automobile.[18] Furthermore, Mr. Cassini avers that Mr. Emple expressly authorized Gooding & Co. to broker the sale with Mr. Cassini knowing that a successful deal would result in the automobile being shipped to New Jersey.[19]

---

[14] (*Id*. ¶ 27, D.E. 1-1 at 7).

[15] (*Id*. ¶ 17, D.E. 1-1 at 5).

[16] (*Id*. ¶ 28,29, D.E. 1-1 at 7).

[17] (*Id*. ¶ 21, D.E. 1-1 at 6).

[18] (*Id*. ¶ 15, D.E. 1-1 at 5).

[19] (*Id*.).

Mr. Emple moved to dismiss Mr. Cassini's Complaint on the grounds that his contacts with this forum prove insufficient for this Court to obtain general or specific personal jurisdiction over him, in addition to filing a motion to transfer and for sanctions.[20] Gooding & Co. and Mr. Gooding filed motions to dismiss and transfer on similar grounds.[21] In opposition, Mr. Cassini filed motions to permit limited jurisdictional discovery to explore the boundaries of Mr. Emple's, and Mr. Gooding's contact with this forum.[22]

III. **DISCUSSION AND ANALYSIS**

  A. **Legal Standard**

The Court of Appeals for the Third Circuit directs district courts to permit "jurisdictional discovery" unless the plaintiff's jurisdictional claims appear "'clearly frivolous.'"[23] Indeed, if "a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence

---

[20] (*See*, *e.g.* D.E. 11).

[21] (*See*, e.g. D.E. 15)

[22] (D.E. 14-1 at 19-20; D.E. 20-1 at 22-23).

[23] *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoting *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)).

of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained."[24] Jurisdictional discovery cannot, however, be utilized to operate as "a fishing expedition" into the underlying merits of the case, all while "under the guise of jurisdictional discovery."[25]

**B.     Analysis**

Mr. Cassini's Complaint alleges the defendants' contacts, while limited, display an intent to deliberately target this forum for the limited purpose of selling the automobile and therefore this Court can assert personal jurisdiction over the two individual defendants. For instance, Mr. Cassini avers that Mr. Emple "knew or should have known the [a]uction [c]atalog was being sent to New Jersey to solicit New Jersey residents to attend the auction and buy the Minerva."[26] Additionally, Mr. Cassini avers that Mr. Emple authorized the sale of the Minerva to Mr. Cassini knowing that a sale would

---

[24] *Id.* (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

[25] *LaSala v. Marfin Popular Bank Public Co., Ltd.*, 410 Fed. Appx. 474, 478 (3d Cir. 2011) (quoting *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010)).

[26] (Compl. ¶ 15, D.E. 1-1 at 5)

6

result in it being shipped to New Jersey.[27]

As to Mr. Gooding, Mr. Cassini relies on a fifteen year "friendly"[28] relationship between the diverse parties and the averment that Mr. Gooding personally "caused Gooding & Co. to solicit business in New Jersey, including the solicitation of [Mr.] Cassini to attend the [a]uction."[29] Additionally, Mr. Cassini avers that Mr. Gooding was aware that subsequent to his successful brokering of the Minerva in Florida, the "vehicle would be shipped to New Jersey."[30]

In the pending motions, Mr. Emple and Mr. Gooding assert they did not direct activities toward New Jersey or otherwise avail themselves of this forum.[31] The defendants have further bolstered these jurisdictional assertions with declarations. Mr. Emple asserts he never discussed the automobile sale directly with Mr. Cassini, nor did he operate the auction website or distribute the catalog the Minerva was

---

[27] (*Id.*)

[28] (Compl. ¶ 28, D.E. 1-1 at 7).

[29] (Compl. ¶ 13, D.E. 1-1 at 4).

[30] (*Id.*)

[31] (*See generally*, Mr. Emple Mo., D.E. 11-8; Mr. Gooding Mo., D.E. 15-1).

advertised in.[32] Likewise, Mr. Gooding states that he never conducted business in New Jersey, does not maintain a bank account in New Jersey and "did not personally direct Gooding & Co. to send Mr. Cassini a catalogue for the March 2014 . . . auction."[33]

Mr. Cassini admits his allegations concerning the substantiality of Mr. Emple's contacts with this forum are, at least in part, entirely speculative.  He further states, with little detail, that "Mr. Emple knew or should have known" that the auction catalog advertising the Minerva would be distributed to New Jersey residents.[34] Mr. Cassini likewise relies on the self-serving and speculative level of control Mr. Gooding has over Gooding & Co.'s alleged activities, asseverating, again without detail, that "[i]t is hard to imagine how the President" of a company would not be subject to personal jurisdiction wherever it conducts business.[35]

Nevertheless, as alleged in Mr. Cassini's Complaint, Mr. Emple's and Mr. Gooding's conduct may have been sufficient to create a substantial connection between him and New Jersey.

---

[32] (Mr. Emple Decl. ¶¶ 8, 9, 10,  D.E. 11-1 at 2-3).

[33] (Mr. Gooding Decl. ¶ 6, 5, 7, D.E. 15-3 at 2).

[34] (Compl. ¶ 15, D.E. 1-1 at 5).

[35] (Mr. Cassini Opp'n. D.E. 19 at 19).

As a result, the Court cannot conclude, upon this record, that Mr. Cassini has presented no factual allegations that suggest with reasonable particularity the conceivable existence of the requisite contacts between Mr. Emple, Mr. Gooding and the forum state.[36] Nor can the Court conclude Mr. Cassini's jurisdictional allegations are wholly frivolous.[37]

Therefore, I respectfully recommend that a limited period of jurisdictional discovery is appropriate prior to the Court addressing Mr. Emple's and Mr. Gooding's jurisdictional challenges.[38] Mr. Cassini should be permitted to serve appropriately-tailored interrogatories and document requests, in addition to written deposition requests upon Mr. Emple's and Mr. Gooding's affiants.[39] The substance of these discovery requests should be focused upon the substantiality of Mr. Emple's and Mr. Gooding's contacts with this forum sufficient to find specific jurisdiction. It is therefore respectfully recommended the Court entertain a short period of jurisdictional discovery to be completed in its entirety within 90 days.

---

[36] *See Toys "R" Us, Inc.*, 318 F.3d at 456.

[37] *See Witasick v. Estes*, No. 11-3895, 2012 WL 3075988, at *7 (D.N.J. July 30, 2012).

[38] (*See generally* Emple Compl., Emple Reply, D.E. 11-8, 17).

[39] *See* Fed.R.Civ.P. 31, 33 and 34.

Additionally, I respectfully recommend that Gooding & Co.'s motion to transfer be denied without prejudice to being refiled upon the completion of the jurisdictional discovery.

IV. **CONCLUSION**

For the reasons articulated herein, it is recommended that:

1. Defendant Emple's motion to dismiss for lack of subject matter jurisdiction, D.E. 11, be **DENIED WITHOUT PREJUDICE;** and further recommended that

2. Defendant Emple's motion to transfer, D.E. 11, be **DENIED WITHOUT PREJUDICE;** and further recommended that

3. Defendant Emple's motion to impose sanctions, D.E. 11, be **DENIED WITHOUT PREJUDICE;** and further recommended that

4. Defendant Gooding's motion to dismiss for lack of subject matter jurisdiction, D.E. 15, be **DENIED WITHOUT PREJUDICE;** and further recommended that

5. Defendant Gooding's motion to transfer, D.E. 15, be **DENIED WITHOUT PREJUDICE;** and further recommended that

6. Defendant Gooding & Co.'s motion to transfer, D.E. 15, be **DENIED WITHOUT PREJUDICE;** and further recommended that

7. Each of the aforementioned motions may be refiled by the respective defendants upon completion of jurisdictional discovery; and further recommended that

8. Plaintiff Cassini's cross-motions for jurisdictional discovery, D.E. 14, 20, be **GRANTED** pursuant to the limitations stated herein; and further recommended that

9. Counsel meet and confer regarding jurisdictional discovery and contact the undersigned within the next ten days to schedule an in-person conference.

10. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/7/2016 6:47:51 PM

Original: Clerk of the Court
cc:   Hon. Susan D. Wigenton, U.S.D.J.

      All parties
      File

11