**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| JOSEPH C. CASSINI III, | : | Case: 2:15-CV-06544-SDW-SCM |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GOODING & COMPANY, INC., | : | **OPINION** |
| DAVID GOODING; and | : | |
| PAUL EMPLE, | : | |
| Defendants. | : | |
| | : | April 8, 2016 |

---

**WIGENTON**, District Judge

      Before this Court is the Report and Recommendation ("R&R") of Magistrate Judge Steven C. Mannion ("Judge Mannion") filed on January 7, 2016, regarding the matter of Joseph C. Cassini III ("Plaintiff") versus Gooding & Company, Inc. ("Gooding & Co."), David Gooding ("Gooding"), (collectively, "Gooding Defendants"), and Paul Emple ("Emple"), (collectively, "Defendants"), recommending that (1) Defendants' Motions to Dismiss for Lack of Personal Jurisdiction be denied without prejudice, (2) Defendants' Motions to Transfer Venue be denied without prejudice, (3) Defendant Emple's Motion for Sanctions[1] be denied without prejudice, and that (4) Plaintiff's Cross-Motion for Jurisdictional Discovery be granted.

      Jurisdiction is proper pursuant to 28 U.S.C. § 1332.  This Court, having considered the parties' submissions, decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, this Court will adopt the R&R with modifications; (1) the Gooding Defendants' Motions to Dismiss and to Transfer are **DENIED** without prejudice,

---

[1] Because there were no objections to Judge Mannion's recommended dismissal of Emple's Motion for Sanctions, that motion will not be addressed and the recommendation will be adopted.

(2) Defendant Emple's Motion to Dismiss is **GRANTED**[2], and (3) Plaintiff's Cross-Motion for Jurisdictional Discovery as to the Gooding Defendants is **GRANTED** and must be completed within sixty (60) days from the date of this Opinion.

## I.      BACKGROUND AND PROCEDURAL HISTORY

This Court assumes familiarity with the allegations and procedural history of this case and reviews only the facts relevant to the present motions.  In 2014, Plaintiff, a New Jersey resident, purchased what he believed to be a 1930 Minerva AL Three-Position Cabriolet ("Minerva") from Emple[3] via Emple's consignees, Gooding & Co., and Gooding & Co.'s President, David Gooding. (Compl. ¶ 1.)  The private sale was made after the Minerva failed to sell at Gooding & Co.'s Amelia Island Auction (the "Auction").[4] (*Id.*)  Plaintiff alleges that based on the misrepresentations in the Auction's catalogue and in certain statements made by Gooding, Plaintiff initially believed the Minerva was a valuable "restoration" vehicle.  (Compl. ¶¶ 3-4.)  Plaintiff asserts that he subsequently learned the vehicle was actually a replica worth significantly less than its $1.1 million purchase price.  (*Id.*)

On March 9, 2014, Plaintiff orally agreed with Gooding to purchase the Minerva.  (Compl. ¶ 29).  Although Plaintiff signed a Post-Auction Sale Agreement (the "Agreement"), neither the Gooding Defendants nor Emple signed the Agreement.  (Emple's Decl. Ex. B at 1.)  The Agreement subjects the Minerva to the Conditions of Sale included in the Auction's catalogue. (*See* Emple's Decl. Ex. B at 1.)  The Conditions of Sale, which pertain to the sale of a vehicle at the Auction, include the following forum selection clause:

---

[2] Because Emple's Motion to Dismiss is granted, Emple's alternative request to transfer is moot.

[3] Emple is a California resident.  (Compl. ¶14.)

[4] Plaintiff never attended the Auction or placed a bid for the Minerva at the Auction.  (Compl. ¶ 27).

>Each bidder and Buyer agree that any dispute (including any claim, counterclaim or other action) arising with regard or relating to any of the General Conditions, the Auction or any Vehicle shall be brought and adjudicated only in the Los Angeles Superior Court or the United States District Court for the Central District of California, to the exclusion of all other venues and jurisdictions.

(Emple. Decl. Ex. B at 5-6.)   The Conditions of Sale define "Buyer" as "the highest bidder acknowledged by the Auctioneer and accepted by Gooding, subject to the reserve, if any, and the terms of these Conditions of Sale." (*Id.* at 4.)

On July 30, 2015, Plaintiff filed a nine-count Complaint in the Superior Court of New Jersey, Essex County, pleading various common law and statutory claims sounding in fraud and breach of contract.  (Dkt. No. 1.)  Defendants removed the case to this Court on August 31, 2015.  (*Id.*)  On September 21, 2015, Emple filed a Motion to Dismiss for Lack of Personal Jurisdiction or, in the alternative, to Transfer Venue, and for Sanctions.  (Dkt. No. 11.)  On October 19, 2015, Plaintiff filed opposition and a Cross-Motion for Jurisdictional Discovery as to Emple.  (Dkt. No. 13, 14.)  On October 22, 2015, the Gooding Defendants filed a Motion to Transfer or to Dismiss for Lack of Jurisdiction as to Gooding.  (Dkt. No. 15.)  On November 24, 2015, Plaintiff filed a Cross-Motion for Jurisdictional Discovery as to Gooding.  (Dkt. No. 20.)  On January 7, 2016, Judge Mannion issued an R&R regarding these motions.  (Dkt. No. 24.)  In the R&R, Judge Mannion recommended that Defendants' Motions to Dismiss For Lack of Personal Jurisdiction, Defendants' Motions to Transfer, and Emple's Motion for Sanctions be denied without prejudice. He further recommended that Plaintiff's Cross-Motion for Jurisdictional Discovery be granted. Emple filed his objection to the R&R on January 18, 2016.  (Dkt. No. 25.)  The Gooding Defendants filed their objection to the R&R on January 21, 2016.  (Dkt. No. 26.)  Plaintiff filed his response on Feb. 1, 2016.  (Dkt. No. 27.)

## II.   STANDARD OF REVIEW

A United States Magistrate Judge may hear non-dispositive motions under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  However, by designation of a district judge, a magistrate may conduct evidentiary hearings and submit to the judge "proposed findings of fact and recommendations" for disposition of any dispositive motion.  *See* 28 U.S.C. § 636(b)(1)(B).  A party may object to a magistrate judge's report and recommendation within 14 days of being served with a copy of the recommended disposition.  L. Civ. R. 72.1(c)(2); Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C).  The District Court must review *de novo* those portions of the magistrate judge's report and recommendation to which an objection is made and may accept, reject, or modify them, in whole or in part.  *See id.*; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (Section 636(b)(1) requires district courts to review de novo those portions of the report or specific findings to which objection is made, unless the objection is not timely or specific); *National Labor Relations Board v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

## III.    DISCUSSION

### a.  *Motions to Dismiss for Lack of Personal Jurisdiction and Cross-motion for Jurisdictional Discovery*

Plaintiff argues that this Court should assert personal jurisdiction over Defendants Gooding and Emple in their individual capacities because their contacts demonstrate an intent to target New Jersey for the purpose of selling the Minerva.  In particular, Plaintiff avers that he and Gooding had a "friendly" fifteen-year relationship and Gooding personally "caused Gooding & Co. to solicit business in New Jersey, including the solicitation of [Plaintiff] to attend the [a]uction."  (Compl. ¶¶ 13, 28.)  Additionally, Plaintiff alleges that Gooding was aware that the Minerva would be shipped to New Jersey.  (*Id.*)  As to Emple, Plaintiff asserts that Emple knew or should have known that the auction catalog would be sent to New Jersey to solicit New Jersey residents to attend the

auction and purchase the Minerva.  (Compl. ¶ 15.)  Plaintiff further claims that Emple authorized the sale of the Minerva to Plaintiff knowing that its sale would result in its shipment to New Jersey. (*Id.*)

When a defendant challenges a court's exercise of personal jurisdiction, "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Say. Bank, FA v. Shushan*, 954 f.2d 141, 146 (3d Cir. 1992).  These facts must demonstrate that the defendant purposefully availed itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 f.3d 446, 451 (3d Cir. 2003) (*quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)).  The plaintiff must also show the defendant reasonably should anticipate being brought into Court in the subject forum. *See Toys "R" Us, Inc.*, 318 F.3d at 451; *see also World—Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  This burden notwithstanding, the party seeking to avoid dismissal must establish only a prima facie case of personal jurisdiction where the court has not held an evidentiary hearing on the issue.  *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).  If the basis set forth for personal jurisdiction is not clearly frivolous, the court should allow for jurisdictional discovery in order to aid the party opposing dismissal in discharging its burden. *See, e.g., Metcalfe v. Renaissance Marine, Inc*., 566 F.3d 324, 336 (3d Cir. 2009); *Compagnie Des Bauxites de Guinee v. L'Union Attantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir.1983). The court must construe all factual disputes in favor of the party opposing dismissal. *See Miller Yacht Sales, Inc.*, 384 F.3d at 97.

This Court adopts Judge Mannion's recommendation that Gooding's Motion to Dismiss be denied without prejudice.[5] Plaintiff has sufficiently pled that Gooding's conduct may have created a substantial connection with New Jersey in light of the parties' personal relationship and Gooding's solicitation of Plaintiff.  Because Plaintiff has established a prima facie case of personal jurisdiction over Gooding, and Plaintiff's claims as to Gooding are not clearly frivolous, a limited period of jurisdictional discovery is appropriate.  *See Miller Yacht Sales*, 384 F.3d at 97; *Metcalfe*, 566 F.3d at 336.

This Court declines to adopt Judge Mannion's recommendation that Emple's Motion to Dismiss be denied.  There are no facts in Plaintiff's Complaint or declaration[6] suggesting that Emple should have reasonably anticipated being haled into New Jersey court regarding a sale that took place in Florida and was brokered by Gooding & Co.  (Dkt. No. 11, Emple Decl.)  Moreover, there is no allegation that Emple himself transmitted the catalog containing the description of the Minerva into New Jersey.[7]  *See Walden v. Fiore,* 134 S. Ct. 1115, 1122 (2014) ("Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not *where* the plaintiff experienced a particular injury or effect but *whether the defendant's conduct connects him to the forum in a meaningful way*.") (emphasis added).  Because Emple did not form substantial contacts with New Jersey in connection with the sale of the Minerva, Emple's Motion to Dismiss is granted.

---

[5] The Gooding Defendants argue that this Court lacks personal jurisdiction over Gooding in his individual capacity.

[6] Plaintiff submitted a declaration in opposition to Emple's motion.

[7] Furthermore, there is no allegation that Emple did business in New Jersey or entered New Jersey in connection with the sale of the Minerva.  (*See* Compl. ¶¶3, 11; Emple Decl. ¶9.)

### b.  Motions to Transfer

In the alternative, Defendants request that this matter be transferred to the Central District of California pursuant to 28 U.S.C. §1404(a) and/or 28 U.S.C. 1631 based on the existence of a forum selection clause in the Agreement.  In response, Plaintiff primarily argues that the clause is inapplicable to him because he was neither a "bidder" nor a "Buyer" within the meaning of the forum selection clause. (*See* Walsh Decl., Ex. A 4-7; Ex. B at 5-12).  Plaintiff further argues that the forum selection clause is inapplicable to him because it applies to purchases made at the Auction, not to private sales, and because the individual Defendants did not sign the Agreement. (*See* Emple Decl., Ex. B at 2; Pl's Opp. to Emple's Mot. at 5-10.)

Section 1404(a) permits a district court to transfer a case to any other district where venue is proper "for the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. §1404(a).[8]  The purpose of § 1404(a) is twofold: to avoid wasting "time, energy, and money": and "to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960).  A decision to transfer venue is based on "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins.*, 55 F.3d 873, 879 (3d Cir. 1995).  The party seeking transfer bears the

---

[8] Similarly, under 28 U.S.C. §1631, when a district court finds that it is lacking jurisdiction,

> the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*See D'Jamoos, Estate of Weingeroff v. Pilatus Aircraft*, 566 F.3d 94 107 (3d Cir 2009).

burden of establishing that transfer is necessary.  *Id*.  The moving party must "show the proposed alternative forum is not only adequate, but also more appropriate than the present forum."  *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp.2d 556, 572 (D.N.J. 2000).  The burden is a heavy one.  As the Third Circuit has noted, "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail."  *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

This Court finds that Judge Mannion properly recommended denial of the Gooding Defendants' Motion to Transfer without prejudice.  The facts necessary to determine whether Plaintiff was a "bidder" or "Buyer" under the forum selection clause and whether the Conditions of Sale apply to him are vague and undeveloped.  (*See* Emple Decl. Ex. B at 4); *see also Selective Way Ins. Co. v. Glasstech, Inc*., No. 14-3457, 2014 WL 6629629, at *5 (D.N.J. Nov. 21, 2014) (dismissing motion to transfer without prejudice because the record was undeveloped).  Moreover, the Gooding Defendants failed to sign the Agreement and have not established that they have standing to enforce the forum selection clause.  (Walsh Decl., Ex. A at 7-10.)  Accordingly, the Gooding Defendants' Motion to Transfer is denied without prejudice.

## IV.    CONCLUSION

Having thoroughly reviewed Judge Mannion's R&R and Defendants' objections thereto, this Court will adopt the R&R with modifications; (1) the Gooding Defendants' Motions to Dismiss and to Transfer are **DENIED** without prejudice, (2) Defendant Emple's Motion to Dismiss is **GRANTED**, (3) Emple's Motion for Sanctions is **DENIED**, and (4) Plaintiff's Cross-Motion for Jurisdictional Discovery as to the Gooding Defendants is **GRANTED** and must be completed within sixty (60) days from the date of this Opinion.

<u>s/ Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
cc:     Parties
        Steven C. Mannion, U.S.M.J.

9